IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER FALO, JAMES E. KELLEY, JR.
*Administrator of the estate of PAUL LUTZ,*

             Plaintiffs,

             v.

TRAVELERS PERSONAL INSURANCE
COMPANY,

             Defendant.

17cv0143
ELECTRONICALLY FILED

**Memorandum Opinion on Summary Judgment**

## I.    Introduction

This declaratory judgment action, being the third "related" case either brought or

removed to this Court, has a lengthy and storied procedural history.  Although the background

facts and procedural history will be recited below, the current issue, as set forth in the summary

judgment briefing, is centered around the question of whether a stipulation signed in a prior (the

first) declaratory judgment action, by the deceased prior uncounseled Defendant, James Lutz

(Lutz), the tortfeasor in this matter, can be held against current Plaintiff, Jennifer Falo (Falo),

who is the injured party, such that she is precluded from pursuing her current independent claims

against Travelers Personal Insurance Company (Travelers), on the basis of *res judicata* (and

other defenses), when she was neither a party or in privity with the parties in the prior action, nor

had knowledge of it until after its conclusion.

Travelers bases its Motion for Summary Judgment of all three claims in this matter

primarily on the fact that Plaintiff Falo is an assignee of Lutz's claims and therefore has no

greater rights than he would at this juncture, and that decedent Lutz already signed a Stipulation

1

prepared by Travelers, when he was incarcerated and without the benefit of counsel, whereby he agreed to Travelers' requested relief, to wit, that he was excluded from seeking coverage because he was "using the vehicle <u>without</u> a reasonable belief that [he] [was] entitled to do so." Doc. 71 at ¶ 7 (emphasis added).

This Court disagrees with Travelers, and finds that Falo has standing and may pursue a declaratory judgment claim in her own right, and as applied to her, she is not precluded from seeking a declaratory judgment that the tortfeasor has insurance coverage in this case.[1]

In fact, as set forth below, the Court (and counsel for Travelers) flagged the implications of this predicament during the course of the first declaratory judgment action, but Travelers chose to proceed to have a Stipulation signed by Lutz, which the Court therefore entered, thereby closing that case without any involvement of an attorney for Lutz, and more importantly, without knowledge of Falo, even though an action in state court by Falo against Lutz was already pending for which Travelers had appointed an attorney to represent Lutz in a negligence action. Falo emphasizes, and this Court agrees, that Falo, as the only directly injured party, has a claim in her own right, and that her interests in this lawsuit are independent of Lutz (the alleged insured). *American Auto Ins. Co. v. Murray*, 658 F.3d 311, 319 (3d Cir. 2011).

While there are other issues raised in the current Motion for Summary Judgment, the Court finds that Travelers is not entitled to summary judgment on the defense of *res judicata* as a matter of law; however, the assigned claims of breach of contract/bad faith are barred by the statute of limitations. Therefore, Travelers' Motion for Summary Judgment will be GRANTED only as to Counts Two and Three, and DENIED as to Count One.

---

[1] While the Court will not strike the Stipulation, it is but one piece of evidence in this case which may be weighed against other record evidence in this case.

## II.      Background Facts/Procedural History

Although the parties have amassed over 35 pages of concise material facts, the facts/procedural history may be fairly summarized as follows.  Plaintiffs, Jennifer Falo (Falo) (the injured party)(formerly Jennifer Borza), and James Kelley, Jr. (administrator of the estate of Paul Lutz) brought the current action in Westmoreland County, Pennsylvania, immediately following a judgment obtained by Falo in state court for injuries she sustained in an automobile accident on September 8, 2006, when the car in which she was driving was struck by a car driven by Lutz.

Lutz was not the owner of the vehicle that he drove; instead, the vehicle was owned by Stephen Karas (the insurance policy-holder), who was the ex-boyfriend of Nicole Terrinoni. Lutz was then the current live-in boyfriend of Terrinoni, and he used the vehicle on the morning in question and, in the process of using the car, he committed the robbery of a convenience store (for which he was charged, found guilty and served a term of imprisonment).  Additionally, during a high speed chase, Lutz caused the vehicular accident which resulted in severe injuries to Falo, who, at the time of the accident was a college student on her way to work at the Walmart in Jeannette, Pennsylvania.  Falo was catastrophically injured, having been life-flighted to the hospital, where she remained on life support for approximately two days, underwent at least five operations for her serious injuries, and was admitted for inpatient treatment for three weeks.

### A.  2007 State Court Negligence Action – *Borza v. Lutz* (case number 7685 of 2007)

On September 14, 2007, Falo commenced a negligence action in the Court of Common Pleas of Westmoreland County, and on October 18, 2007, Travelers hired Ms. Elizabeth Deemer, Esquire, a panel counsel for Travelers who had served in that capacity for approximately 30 years, to represent Lutz in the underlying negligence action (doc. no. 7685 of 2007) (hereinafter

referred to as "the 2007 negligence action"). [Doc. 63-1 at p. 1](); [Doc. 71 at ¶ 1](). Travelers issued automobile insurance policy number 94517325 101 1 to named insured Karas, which was effective April 19, 2006 to April 19, 2007, with a bodily injury limit of $100,000. [Doc. 71 at ¶ 2-3](). Prior to the receipt of the 2007 negligence action complaint, Travelers had denied liability coverage to Lutz in a letter dated February 2, 2007; and, Falo's counsel disputed that denial in a letter dated February 20, 2007, and requested that Travelers reassess its position "as it may well result in an extremely large verdict in excess of coverage and an assigned bad faith claim." [Doc. 71 at ¶ 4-5](). Travelers provided a defense to Lutz in the 2007 negligence action under the policy under a reservation of rights clause. [Doc. 71 at ¶ 6]().

Importantly, in the 2007 negligence action, Falo (then-Borza) pled in her complaint that Lutz was authorized to use the vehicle on the date of the accident. Specifically, in paragraph 7 of the 2007 negligence action complaint, Falo pled that "the vehicle had been loaned by Stephen Karas to, among others, Paul Lutz and Lutz was authorized to operate the vehicle at the time this accident occurred." [Doc. 71 at ¶ 47]().

Meanwhile, on November 5, 2007, Lutz spoke with Deemer via telephone from the jail, and according to claim log notes, he told her that "no one ever told him that he was not allowed to use the vehicle as of the date of the accident." [Doc. 71 at ¶ 44](). Later on that day, Deemer sent an email to Norbert Johnson, who was an adjuster at Travelers assigned to Lutz's file. Memorializing her conservation with Lutz, she wrote, "[Lutz] said that he doesn't want to make any trouble for anyone else but that he was not told that he could not use the car and he has used the car in the past. He is very concerned that if his saying that causes [Karas] any difficulty he

will take it out on Nicole [Terrinoni]. He said since he is already in trouble there is no sense causing trouble for anyone else." Doc. 71 at ¶ 44.[2]

Approximately one month later, on December 13, 2007, Deemer filed an Answer and New Matter, in the 2007 negligence action, without reviewing this pleading with Lutz in person, who again, was imprisoned. Importantly, the Lutz Answer responded to paragraph 7 of the negligence action, by denying "that Stephen Karas loaned the vehicle to Lutz or authorized Lutz to use the vehicle." Despite Deemer's knowledge of what Lutz told her as noted in the November 5, 2007 email to Norbert Johnson, Deemer (on behalf of Lutz, who verified the answer) did not admit, and instead, denied, that Lutz was authorized to use the vehicle. Doc. 71 at ¶ 48. Deemer stated in her recent deposition that she must have had subsequent conversations with Lutz on this point and that was the reason for her response on his behalf, that he did not have authority from Karas, and thus, her answer was not inconsistent. Id. at ¶ 49-50. No such notes of any other conversations have been produced.

Deemer, Lutz's counsel in the 2007 negligence action, sought leave from the Westmoreland County Court of Common Pleas to withdraw as Lutz's counsel, which leave was denied, due to the filing of the immediately hereinbelow action Doc. No. 64 and 68 at ¶ 74. Deemer continued on as counsel *pro bono* until March 12, 2010.

B. **2008 "First" Declaratory Judgment Action – *Travelers v. Lutz* (08-cv-319)**

On March 3, 2008, three months after the Lutz Answer was filed in the 2007 negligence action, Travelers filed the "first" declaratory judgment action against Lutz before this Court. 08-

---

[2] Travelers objects to the introduction of this evidence as hearsay, while Falo responds that it is exempted from the hearsay rule under Fed. R. Evid. 803(6) as a record of a regularly conducted activity, and that it is admissible for reasons other than to prove the truth of the matter asserted, namely that that on November 5, 2007, Travelers was on notice that Lutz may have had a reasonable belief that he was authorized to use the vehicle on the day of the accident. This Court agrees with Falo and finds this evidence to be admissible in the trial of this matter subject to authentication requirements.

cv-319.  In those proceedings, Travelers sought a declaration that it had no obligation to defend

or indemnify Lutz against the claims in the 2007 negligence action.  Doc. No. 71 at ¶ 7.

Critically, in ¶ 12 of the Complaint filed by Travelers in the "first" declaratory judgment

action, Travelers pled "Lutz filed a verified answer to the Borza Complaint (the "Underlying

Lutz Answer"), in which he denies that Stephen Karas loaned the vehicle to Lutz or authorized

Lutz to use the vehicle."  Travelers then attached a copy of Lutz's Answer to the Complaint in

that matter, presumably in support of its position that Travelers was entitled to a declaration from

this Court that Lutz was operating the vehicle without a reasonable belief that he was entitled to

do so.  In the Complaint at the "first" declaratory judgment action, Travelers specifically

referenced ¶ 7 of the 2007 negligence action Complaint therein.

At the Initial Case Management Conference (ICMC), which took place on April 30,

2008, Lutz was un-represented and the Court had ordered Travelers to arrange for Lutz to

participate by telephone from SCI Forest, in Marienville, Pennsylvania. Doc. 71 at ¶ 9.  During

the conference, Lutz represented to the Court that it was his belief that the Policy's coverage

applied to him. The Court inquired:

> THE COURT: Do you intend to oppose the requested relief?  In other words,
> do you agree that the plaintiff should receive the relief they're asking for or do
> you disagree and want to continue on with the case?
>
> THE DEFENDANT:  I'm currently trying to procure representation.  I really
> have no knowledge in the area of law myself.  I have several letters out trying
> to accomplish this.  Thus far, I have not gotten any response bearing that
> matter, so I'm really not sure what to do.
>
> THE COURT:  Do you believe that the insurance policy that's in dispute here
> applies to you or not?
>
> THE DEFENDANT: Yes, sir, it does.

Doc. 18 -3.

Also, during the ICMC, counsel for Travelers indicated that it had a plan to depose certain individuals, including Lutz, to establish that there was no duty to defend/indemnify in this case. After further discussion regarding Lutz's inability to secure counsel, Lutz stated as follows:

> THE DEFENDANT: Okay. I'm going to make it easy on everybody. I plead guilty or whatever because I don't know if I'm going to be able to find any attorney and/or hire an attorney to defend me against her claim. Can I do that?
>
> THE COURT: You can do that. My only concern is since you don't have an attorney and if you change your mind in the future, then you would say that, gees, you didn't have a lawyer and didn't know what you were doing.
>
> We need to be very careful in this regard. If that's what you want, then my suggestion is that you need file - - mail something to the Court here saying that you either agree to the relief requested in the complaint.
>
> You have to do something in writing. The other option is for the attorney for the plaintiffs could send you a document and if you agreed to sign it, you would agree to the relief. That may be easier for you.
>
> *      *      *
> THE COURT: We'll see what their reaction is to this.
>
> MS. GILLESPIE: Your Honor, our only concern is the logistics in going forward. We're happy to do that and file either the appropriate motion to get an order from you with respect to Travelers having any further duty to Mr. Lutz. Our concern is any order, resolution of this action may be able to be attacked by the underlying plaintiff in the event the underlying plaintiff [(Falo)] would get a judgment against Lutz in the future.
>
> **THE COURT: Well, they're not a party to this case, so if that's a concern, you either have to [sic-join] them into the case or we just have to proceed.**

Doc. 18-3 at p. 9 (emphasis added).

Finally, the Court suggested as an option that Travelers hire independent counsel to review the Stipulation with Lutz:

> THE COURT: What I will do, I will enter my standard case management order. I'll enter my standard trial order and if you all reach a stipulation on the matter, I would be happy to sign it.
>
> Although, this is somewhat unusual, if [Travelers] really has concern about having an enforceable agreement, you can always find a lawyer to represent Mr. Lutz and pay that lawyer a certain sum to review the agreement and advise him.

Doc. 18-3 at ¶ 56.

Travelers did not hire counsel to review the Stipulation with Lutz. Doc. 30, at ¶ 18.  Also, despite the discussion between the Court and counsel for Travelers, Travelers did not join Falo as an interested party in this "first" declaratory judgment action.

Instead, nearly two months later, while still imprisoned and still unrepresented, on June 30, 2008, Lutz executed the Stipulation.  Travelers had mailed the Stipulation on May 1, 2008, and followed up via letter on May 13, 2008, and after not hearing back from Lutz, filed a motion with the Court to depose Lutz while in prison, which the Court granted.  Doc. 71 at ¶ 18-20.

 On June 30, 2008, Lutz signed and had notarized a "Stipulation for and Consent to Entry of Declaratory Relief in Favor of Plaintiff Travelers Personal Security Insurance Company and Against Paul Lutz," in which he agreed, among other things that:

• He knew he had a right to have an attorney of his choice review the Stipulation and give him advice prior to signing it, and that he knew he had the right to choose whether or not to sign the Stipulation.

• He agreed to the relief requested by Travelers in the Complaint and understood that upon signing the Stipulation "[a] court order will be entered stating that [Travelers] has no duty to defend or indemnify me in the lawsuit that Jennifer Borza filed against me"; that Travelers "will not have any obligation to continue paying the lawyer it hired to represent me in the lawsuit

filed against me by Jennifer Borza"; and that "[i]f Jennifer Borza wins the lawsuit she filed against me and a money judgment is entered against me, [Travelers] will not have any duty or obligation to pay that money judgment for me."

• He understood by signing "I am giving up my right to fight and defend against this lawsuit brought by Plaintiff Travelers and that I am giving up any right that I might have, if any, to insurance coverage for the Jennifer Borza lawsuit under the automobile insurance policy issued by [Travelers] to Stephen Karas."

• He agreed to "forever release and discharge [Travelers] for any liability or obligation to me or my heirs for any claim or suit I might have against Plaintiff Travelers related in any way to insurance coverage for the Jennifer Borza lawsuit filed against me."

While Falo does not dispute the above-quoted language, she denies that Lutz understood the nature of the Stipulation, or the rights he would be giving up thereby, and she cites to the April 30, 2008 ICMC transcript wherein Lutz stated, "I really have no knowledge in the area of law myself." Falo further denies that Lutz signed the stipulation voluntarily without coercion and cites the ICMC transcript wherein Lutz also stated, "I plead guilty or whatever because I don't know if I'm going to be able to find an attorney and/or hire an attorney to defendant me against her claim." Doc. 71 at ¶ 23.

Upon Motion by Travelers, on July 8, 2008, this Court entered an Order based upon the Stipulation and Consent signed by Lutz, granting Travelers the declaratory relief requested, and stating that Travelers had no duty to defend or indemnify Lutz in the 2007 negligence action.

Following the July 8, 2008 Order by this Court, Deemer, Lutz's counsel in the 2007 negligence action, sought leave from the Westmoreland County Court of Common Pleas to withdraw as Lutz's counsel, which leave was denied, due to the filing of the immediately

hereinbelow action  Doc. No. 64  and 68 at ¶ 74.  Deemer continued on as counsel *pro bono* until

March 12, 2010.

**C.  2008 State Court "Second" Declaratory Judgment Action – *Borza v. Travelers* – 08-cv-1643**

Falo had no knowledge of the "first" declaratory judgment action until it was

Closed when Deemer filed her motion to withdraw as counsel in the 2007 negligence action, and,

on November 7, 2008, Falo then filed her own action against Travelers under Pennsylvania's

Declaratory Judgments Act, 42 Pa. C.S. §§ 7531 *et seq.* in the Westmoreland County Court of

Common Pleas at 8394 of 2008.

The "second" declaratory judgment action did not contain allegations of breach of

contract or statutory bad faith.  Instead, it sought a declaration that Travelers had a duty to

defend/indemnify Lutz in the 2007 negligence action.  08c-v-1643.  On December 1, 2008,

Travelers removed the action to this Court on diversity of citizenship grounds.

Pending before the Court at that time was a Motion to Dismiss filed by Travelers on the

basis that Falo had no standing to sue Travelers, that the action was barred by *res judicata* as to

Lutz, and that any claim Falo had against Travelers was not yet ripe.  08-cv-1643 at doc. 8.

While Travelers Motion to Dismiss was pending, on February 4, 2009, this Court

conducted an ICMC in the "second" declaratory judgment action, and according to Falo (an

official transcript was not provided), this Court suggested to Plaintiff's counsel that a verdict in

the 2007 negligence action might be necessary before the second declaratory judgment action

could proceed.  By Order of this Court dated February 4, 2009, the Court granted Falo's Motion

to Withdraw her Complaint without prejudice, noting that "Plaintiff is given leave to withdraw

her Complaint without prejudice to refile her Complaint at a later date." 08-cv-1643 at Doc. 16.

### D. **The Trial of the 2007 Negligence Action and Other Developments**

As mentioned above, Deemer withdrew her representation of Lutz in the 2007 negligence action on March 12, 2010, after serving as *pro bono* counsel for Lutz. Doc. 57 and 64 at ¶ 29. Lutz passed away on November 24, 2015 (although the circumstances of which are not detailed by the parties), and James E. Kelley, Jr., was appointed as the Administrator of the Estate of Paul Lutz by June 8, 2016 Order of the Indiana Court of Common Pleas. Id. at ¶ 31.

Falo's counsel sent a letter to Travelers dated June 1, 2016 which stated, among other things, that the 2007 negligence action was scheduled for trial on August 18, 2016, and that, "I am sending this correspondence to offer Travelers one final opportunity to defend Mr. Lutz against my client's claims." Doc. 71 at ¶ 76. Norbert Johnston sent a letter in response dated July 8, 2016 advising that this Court previously entered an order dated July 8, 2008 granting Travelers' request for declaratory relief that Travelers has no duty to defend or indemnify Lutz in the 2007 negligence action, and that Travelers' "position in this matter remains unchanged." Id.

Thereafter, the 2007 negligence action was scheduled for a bench trial on August 18, 2016, and upon the conclusion of the trial, an Order was entered by the Court of Common Pleas of Westmoreland County, dated September 2, 2016, entering a verdict in favor of Falo and against the Estate in the amount of $1,265,436,86. Doc. 71 at ¶ 32.

By an assignment dated September 14, 2016, the Estate assigned to Falo any and all rights, claims, demands, and causes of action that Lutz or his estate has or may have against Travelers, including, but not limited to, any and all claims of bad faith, relating in any way to the September 8, 2006 accident or the 2007 negligence action. Doc. 71 at ¶ 33. In exchange for the assignment, Falo agreed not to execute the judgment against the Estate and to proceed only against Travelers. Doc. 71 at ¶ 34.

### E.  Current State Court Declaratory Judgment Action – Removed to This Court
### *Falo and Kelly v. Travelers* (17-cv-143)

On January 3, 2017, Plaintiffs filed this action in this Westmoreland County Court of Common Pleas  (as to Count One – by Falo only), seeking a declaratory judgment under the Pennsylvania Declaratory Judgment Act, that Lutz was an insured, that Travelers had a duty to defend and indemnify Lutz against the claims brought by Falo in the 2007 negligence action, and that Travelers be estopped from claiming no duty to defend or indemnify by virtue of the fact that Travelers had already made monetary payments for property damage to Falo's insurer on Lutz's behalf.  Plaintiffs (Falo in her capacity as assignee) also brought a breach of contract and statutory bad faith claim against Travelers.

This action was removed to this Court on February 1, 2017 again on the basis of diversity of citizenship.  Following an ICMC (doc. 20), and the entry of a Case Management Order (doc. 22), Travelers filed the instant Motion, which Falo has opposed.

### III.  Standard of Review

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).  Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute

"to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004), quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001), quoting Celotex, 477 U.S. 317, 325 (1986).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007), citing *Anderson*, 477 U.S. at 255.

## IV.  **Discussion**

In Travelers' Motion for Summary Judgment, it raises the following arguments.  First, that the doctrine of *res judicata* prevents Falo from proceeding with the current lawsuit because she is merely an assignee of Lutz and therefore stands in his shoes and is in privity with Lutz for purposes of *res judicata*.  According to Travelers, Falo's declaratory judgment claim both on her own behalf and as assignee of Lutz, is therefore barred.[3]  Second, Travelers argues there is no basis to set aside the Court's prior judgment and any attempt to do so would be time-barred as to all three counts of the Amended Complaint.  Third, the estate has no rights to assert any causes of action against Travelers because it assigned it rights to Falo.[4]  Fourth, all of Falo's claims are barred by the doctrine of release.[5]  Fifth, that the bad faith claim and breach of contract claims fail on their merits.[6]

### A.  **Res Judicata**

Travelers first contends that the instant action is barred by the doctrine of *res judicata* because the Stipulation of Lutz and Order of this Court in the first declaratory judgment action bars this suit.  Falo, however, counters that the Pennsylvania Declaratory Judgment  Act, 42 Pa. C.S. §7531, upon which this Complaint was filed in state court before being removed to this Court, does not bar this suit, because Falo possesses a claim in her own right.

---

[3] In Travelers' Reply to the Motion for Summary Judgment (doc. 67 at p. 3), it contends that Falo did not advance an "independent declaratory judgment claim," in her Amended Complaint.  Doc. 18.  A review of Count One of the Amended Complaint reveals that her claim for declaratory judgment has been brought in her own right, which belies the statement of Travelers in this regard.  The Amended Complaint reads, in pertinent part, "by virtue of her claims as set forth in Borza v. Lutz, Plaintiff was an indispensable party to and had a discernible interest that was distinct from Lutz' interests in any action declaring Lutz' rights relative to the motor vehicle accident on September 8, 2006."  Id. at ¶ 38.

[4] Plaintiff Falo agrees that the Estate has no independent rights because of the assignment of claims to Falo.

[5] In light of the Court's ruling on *res judicata*, the Court will not consider whether the doctrine of release bars Falo's claim in her own right.

[6] In light of the Court's ruling that the statute of limitations on the breach of contract/bad faith claims has run, the Court will not address the merits of those claims.

The first issue surrounding *res judicata* is whether to apply state or federal law to this dispute.   In *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities*, Inc., 518 U.S. 415, 427 (1996)(citing *Erie*). "The *Erie* rule is rooted in part in a realization that it would be unfair for the character of a result of a litigation materially to differ because the suit had been brought in federal court." *Hanna v. Plumer*, 380 U.S. 460, 467 (1965).  As a result of *Erie* and its progeny, the Courts have established what is known as an "outcome determination test," that requires "federal courts [to] apply state law whenever application of federal law in its stead will alter the outcome of the case." *Id*. at 466.

 "[W]here a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Gasperini*, 518 U.S. at 428. "[T]he 'outcome-determination' test must not be applied mechanically to sweep in all manner of variations; instead, its application must be guided by the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.*

Indeed, as Falo posits, and this Court agrees, if Travelers were to prevail on its motion, the result would be an inequitable administration of the laws that the *Erie* doctrine aims to prevent. Falo initially brought the 2007 negligence action, the 2008 "second" declaratory judgment action, and the current action, before the Westmoreland County Court of Common Pleas (the second and current declaratory judgments being brought under Pennsylvania's Declaratory Judgments Act).  The Pennsylvania Declaratory Judgments Act, 42  Pa. C.S. § 7531 *et seq*., provides in pertinent part that "[c]ourts of record, within their respective jurisdictions,

shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa. C.S. § 7532.[7]

Critically, Pennsylvania's Declaratory Judgments Act differs from its federal counterpart in that declarations made pursuant to its terms are *not* binding as against non-parties. The statute provides:

> (a) General rule.—When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

42 Pa. C.S. § 7540.

Under Pennsylvania law, a plaintiff "has an interest in seeing that an insurance company pays the judgment against its insured." *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 294 (1986). Additionally, as explained by the United States Court of Appeals for the Third Circuit in *American Automobile Insurance v. Murray*, 658 F.3d 311 (3d Cir. 2011),[8] a directly injured party has an interest in the lawsuit that is independent of the insured/tortfeasor, and has standing to bring the lawsuit, as they suffered an "injury in fact."

---

[7] It is true that state courts are bound by the decisions of federal courts. *Delaware Valley Citizens' Council for Clean Air v. Com. of Pa.* 755 F.2d 38, 44 (3d Cir. 1985). Here, the 2008 "second" declaratory judgment action was dismissed without prejudice, and Falo was not a party or in privity with Lutz. Therefore, after the verdict in her favor in state court, Falo may proceed in her own right.

[8] To the extent that Travelers relies upon *Liberty Mutual Insurance v. Treesdale,* 419 F.3d 216 (3d Cir. 2005), for the proposition that an injured party such as Falo is not a necessary party in a declaratory judgment action, the Court finds the *Murray* case and the *Rauscher* cases to be more persuasive and on-point, because *Treesdale* merely sets standards for a motion to intervene in a federal case under Fed. R. Civ. P. 24; whereas here, under Pennsylvania law, Falo cannot be prejudiced by a judgment in another court when she has not been named as a party. Rule 19 states that joinder is required if feasible where a person claiming an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may, as a practical matter, impair the person's ability to protect the interest. Although the juxtaposition of *Treesdale* and *Murray* has led to seemingly inconsistent rulings, at least in the Eastern District of Pennsylvania, regarding whether injured parties' financial interests in insurance disputes renders them required parties pursuant to Fed. R. Civ. P. 19a(1)(b), this Court will apply the rulings of *Murray/Rauscher,* as further explained by *Bhd. Mut. Ins. Co., v. Salem Baptist Church of Jenkintown*, 2012 WL 1526851 (E. D. Pa. April 30, 2012) (contrast *Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235, 20 (E.D. Pa. 2012), to find that Travelers defense of *res judicata* is not applicable here. Also, *Holz v. Holz*, 850 A.2d 751 (Pa. Super. 2004), another case cited by Travelers, is not applicable to the instant case because it that case, there was an "identity," of the parties that does not exist here.

Perhaps most compelling is the guidance provided by the United States Court of Appeals for the Third Circuit in *Federal Kemper Ins. Co. v. Rauscher*, 807 F. 2d 345 (3d Cir. 1986), and cited by the Court of Appeals in *Murray*. In *Rauscher*, the Court of Appeals held that a dispute between an injured party and insurer regarding the insurer's obligation to provide the insured with coverage for the accident in question gave rise to a "case or controversy," between an insurer and injured parties and, thus, gave the injured parties standing to defend the action, even though a default judgment was entered against the insured. In that case, the insurer brought a declaratory judgment action against its insured and the injured parties to determine the extent of its obligations under an automobile policy. The United States District Court for the Eastern District of Pennsylvania, following entry of default judgment against the insured, entered summary judgment against the injured parties and the injured parties appealed. The Court of Appeals reversed and remanded and stated, *in dicta*, that the injured parties in that case were indispensable parties pursuant to Fed. R. Civ. P. 19, even in the absence of the insured, and noted the following:

> Although it is not necessary to our analysis or our conclusion, we note that our decision is supported by the fact that the Griffiths are indispensable parties to this type of declaratory judgment action and, under Pennsylvania No-Fault Law, are capable of bringing a direct action against Kemper. Indeed, because it has been held that a "case or controversy" exists between the insurance company and the injured parties in the instant procedural posture, it would be error to hold that the default of the insured could foreclose the rights of injured parties.

> Concluding that the injured party has an independent, and not a derivative right, to be heard, is not only jurisprudentially sound, but is also realistic: "Certainly from a pragmatic viewpoint, it is quite true that in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and an oftentimes impecunious insured." 6A J. Moore, *355 supra, ¶ 57.19. In terms of fairness, the injured party should be able to present its case upon the ultimate issues, even if the insured does not choose to participate.

*Id.* at 354-355.

Under Pennsylvania law, "invocation of the doctrine of res judicata (claim preclusion) requires that both the former and latter suits possess the following elements: 1. identity in the thing sued upon; 2 identity in the cause of action; 3. identity of persons and parties to the action; and, 4. identity of the capacity of the parties sued or being sued. *Matternas v. Stehman*, 434 Pa. Super. 255, 261-62 (1994).

Judging the facts in the light most favorable to Falo, as the non-moving party, as a matter of law, the *res judicata* defense is deficient as to the third and fourth prongs of the test. *Res judicata* bars "future suit between the same parties or their privies on the same cause of action." *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super. 225, 233 (1983). Privity is not established by the mere fact that persons may be interested in the same question or in proving the same facts. *Id.*[9]

If Falo's claims were now before a Pennsylvania court,[10] *res judicata* would not operate to bar her claims, which contrasts sharply with the application of the federal declaratory judgment that Travelers now seeks.

---

[9] The term privy "is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include the other within the res judicata." *United States Steel Corp.,* 921 F.2d at 493 (citing *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir.), cert. denied, 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950)); *Phillips v. Kidder, Peabody & Co*., 750 F.Supp. 603, 607 (1990) ("[Privity is a legal determination for the trial court as to whether the relationship between the parties is sufficiently close to support preclusion."). Courts have found privity to exist in three scenarios: (1) where the nonparty has succeeded to, or shares a concurrent right to the party's interest in, property, (2) where the nonparty controlled the prior litigation, and (3) where the party adequately represented the nonparties' interests in the prior proceeding. See, e.g., *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979, 983 (5th Cir.1990); 1B Moore's Federal Practice ¶ 0.411[1], at III–215. Privity is a legal conclusion that must be flexible enough to acknowledge the realities of the parties' relationships. *First Option of Chicago, Inc. v Kaplan*, 913 F.Supp. 377 (E.D. Pa. 1996)(citing *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir.,) cert. denied, 340 U.S. 865 (1950).

[10] Although the Court did not decline to exercise jurisdiction upon the first declaratory judgment action, had Lutz been counseled or had Falo been joined as a Defendant in that case, the Court certainly could have declined to exercise jurisdiction under the Declaratory Judgment Act because these issues could have more readily been resolved by the state court which undoubtedly has a strong interest in this type of litigation, given that a citizen of this Commonwealth was injured by and has received a large monetary judgment against another citizen, and a negligence action was pending in state court. Upon a motion thereon, and to that end, this Court has done so in at least one other similar case. See *Great American E & S, Ins., C. v. J Nick Enterprises*, 12-cv-00193 (doc. 14). Additionally, the Honorable Judge Restrepo, then of the United States District Court for the Eastern District of Pennysylvania, in *Employers Mutual Casualty Co. v. Burke Landscaping, Inc*., 2014 WL 981195 (E.D. Pa. March 13,

Accordingly, applying the Pennsylvania law of *res judicata*, the identities and interests of the parties in the successive action now at issue differ. Lutz and Falo are not the same parties, nor the privies of one another (with the exception of the assignment of claims). As emphasized by Falo, she "brought suit against Lutz for the life-threatening injuries she sustained as a consequence of his actions, which places their respective interests in diametrical opposition to one another." Doc. 62 at p. 15. Also, "Lutz articulated a specific interest in protecting his then girlfriend, Nicole Terrinoni, from reprisal for permitting him to use the Vehicle. Naturally, Plaintiff does not share in this particular concern and had no interest in shielding Terrinoni from Karas." Id.

Also, as explained by Falo, there is a measurable difference between the identities "of the capacity of the parties suing or being sued," between Lutz, the unrepresented inmate and Falo. Lutz's capacity to litigate was hindered by the fact that he was incarcerated, and unrepresented, and that should not bear against Falo, who is represented and of capacity to litigate the instant claims. The Court echoes the sentiments expressed by the Eastern District of Pennsylvania in *First Option of Chicago, Inc. v. Kaplan*, that "privity is a legal conclusion . . . [that] should be flexible enough to acknowledge the realities of the parties' relationships." 913 F.Supp. 377, 384 (citations omitted). Here, Lutz and Falo are not the same parties, nor are they in privity, and they do not share the same interests, identities, or capacities. For these reasons, Travelers' Motion for Summary Judgment on the basis of *res judicata* will be DENIED.[11]

---

2014, noting several Third Circuit cases on-point declined to exercise jurisdiction, noted a general policy of restraint when the same issues are pending in state court, and noted that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Because, however, the Court previously exercised jurisdiction over this matter, the Court will continue to do so.

[11] The parties do not appear to argue the merits of the declaratory judgment action, presumably because the question of whether Lutz had a reasonable belief that he was entitled to drive the car is a factual one.

**B. There Is No "Time-Bar" to Falo's Current Claim for Declaratory Judgment in Her Own Right, but the Assigned Claims for Breach of Contract/Bad Faith Are Barred**

Travelers next argues that no basis exists to invalidate this Court's prior judgment and an attempt to do so would be time-barred. While the Court will not strike the Stipulation or the consent Judgment,[12] as explained above, the Court also recognizes that Falo has rights and claims that are independent, separate, and apart from those assigned by the Estate of Lutz. Accordingly, as aptly stated by Falo in her responsive brief, the Court's July 8, 2008 Order and Stipulation will not bar Falo's declaratory judgment action because:

> "[I]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process. . . . This rule is part of our 'deep-rooted historic tradition that everyone should have his own day in court' . . . . A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings." *Martin v. Wilks*, 490 U.S. 755, 761–62 (1989) (internal citations omitted). Furthermore, "the law is clear that consent decrees can bind only parties . . . and, moreover, can bind only those parties who have agreed to the consent decree." *Antrim Min., Inc. v. Davis*, 775 F. Supp. 165, 168 (M.D. Pa. 1991).

Doc. 62 at p. 16.

Under Pennsylvania law an insured's claims against his insurer for breach of contract and breach of fiduciary duty, and his claims under section 8371 for punitive damages, counsel fees and interest are assignable. *Brown v. Candelora*, 708 A.2d 104, 112 (Pa.Super.Ct.1998). Falo has obtained a valid assignment of claims in this case. Furthermore, Falo's filing of the

---

[12] Rule 60(b) lists six reasons for which a "court may relieve a party or its legal representative from a final judgment, order, or proceeding," including the catch-all provision in Rule 60(b)(6) that allows a court to relieve a party from a judgment for "any other reason that justifies relief" aside from the more specific circumstances described in Rules 60(b)(1)-(5). *Budget Blinds, Inc. v. White*, 536 F.3d 244 (3d. Cir. 2008). Even when a court is considering its own judgment, "extraordinary circumstances" must be present to justify the use of the Rule 60(b)(6) catch-all provision to vacate the judgment. See, e.g., *Gonzalez v. Crosby*, 545 U.S. 524, 535–36, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)). The Court will not vacate the consent Judgment at this time, and the Court notes that Falo has not moved on the docket at 08-cv-319, that the Court do so.

2008 "second" declaratory judgment action, which was closed by this Court, necessarily encompasses this declaratory judgment. In other words, Falo brought a timely declaratory judgment action in 2008, and this Court closed the case without prejudice to refiling once the claim was ripe. It is now ripe and Falo has standing to pursue it. Therefore, the current declaratory judgment action is not time barred because of the filing of the second declaratory judgment action.

However, the Court does not find that the breach of contract and statutory bad faith claim may be advanced at this late stage. As to Falo's assigned claims of breach of contract, Falo merely stands in the shoes of Lutz, and any such assignment of claims relating to the breach of contract/bad faith claim would had to have been brought by Falo in the "second" 2008 declaratory judgment lawsuit that was premised solely as a declaratory judgment action. Lutz's causes of action for breach of contract and bad faith relating to coverage accrued when Travelers conveyed that denial of a duty to defend and indemnify to Lutz in a letter dated February 2, 2007, or, at the latest, in 2008 when this Court entered the consent Order that Travelers owed no duty to defend or indemnify in the 2007 negligence action.

In order to advance timely claims for breach of contract/bad faith, under the facts here, Falo would had to have filed suit and challenged that coverage denial in the 2008 "second" declaratory judgment suit by seeking an assignment to include the breach of contract/bad faith claims at that time. Instead, Falo brought only a declaratory judgment action. In order to bring a timely breach of contract assigned claim here, Falo would have needed to file that action by February of 2011; and, in order to bring a timely bad faith claim, Falo would have been required to file the action by February of 2009. *Sikirca v. Nationwide Ins. Co.*, 416 F.3d 214 (Under Pennsylvania law, statutory bad faith claim is subject to two-year tort statute of

limitations for tort actions); see *Ash v. Cont'l Ins. Co.*, 861 A.2d 979 (2004)(starting two-year limitations period at initial denial of coverage). *Colonial Assur. Cov. v. Mercantile and General Reinsurance Co. Ltd.* 297 F.Supp.2d 764, 769-770 (E.D. Pa. 2013) (The statute of limitations, which is four years, for a breach of contract begins to run at the time the action accrues. Under Pennsylvania law, a cause of action in contract accrues at the time of breach. A breach of contract is a "non-performance of any contractual duty of immediate performance.)" Accordingly, Falo's assigned claims for breach of contract/statutory bad faith are time-barred.

### V.    <u>Conclusion</u>

For the reasons set forth hereinabove, while the Court will not strike the Stipulation or consent Order in the "first" declaratory judgment action, the Court also does not find that Travelers is entitled to Judgment as a Matter of Law as to Count One of the Amended Complaint on the basis of *res judicata*. If this matter had been appropriately handled by either joining Falo in the "first" declaratory judgment action, as suggested by the Court, or permitting the 2008 "second" case to remain in state court so that all interested parties could litigate the issue of Traveler's duty to defend/indemnify, where the related negligence state court action was commenced and fully litigated, Travelers would not be in the untenable position of employing procedural tactics to avoid a ruling on the merits of this dispute with *all* of the interested parties. This Court takes a cue from the conclusions of the United States Court of Appeals for the Third Circuit in *Murray*, and the *dicta* of the United States Court of Appeals for the Third Circuit in *Rauscher*, that in terms of fairness, Falo, as the directly-injured party, has an independent right to present her case upon the ultimate issues. Upon these considerations of fairness under the circumstances of this unique factual scenario, and applying Pennsylvania law, this Court finds that *res judicata* does not preclude the current declaratory judgment action. However, Falo's

assigned claims for breach of contract and bad faith are time barred.  Therefore, Travelers'

Motion for Summary Judgment (doc. 54) will be DENIED as Count One (declaratory judgment)

and GRANTED as to Counts Two and Three (breach of contract/bad faith) of the Amended

Complaint.

       The parties shall conduct discovery on the merits of the current declaratory judgment

action (see doc. 22), and a Pretrial Order thereon will be issued forthwith.  Since the parties

stated during the ICMC that a ruling on the Motion for Summary Judgment would be beneficial

prior to a mediation/ENE, but due to the parties Motions to Extend the briefing process, that

presumably did not occur prior to the first mediation/ENE before Neutral Frampton, the parties

will be ORDERED to attend another mediation of this matter by June 22, 2017.  An appropriate

Order follows.


                             **SO ORDERED** this 22nd day of May, 2017.

                             s/Arthur J. Schwab
                             Arthur J. Schwab
                             United States District Judge